FOURNET, Justice.
 

 Relator, A. M. Webber, against whom a judgment had been rendered, under the provisions of Act No. 223 of 1928, as amended by Act No. 222 of 1932, by default, in favor of the respondent Z. Y. Stetson, ■'’or the sum of $50, brought suit to have the judgment annulled and set aside and the seizure and sale- of his property thereunder enjoined on the grounds (1) that he had made an appearance in the suit prior to the time the judgment was obtained by having made a verbal answer to plaintiff’s attorney of record, (2) that the petition was not verified according to law, (3) that the deputy clerk of court before whom the default was entered had never been appointed or confirmed as chief deputy clerk of court, and (4) that the minutes of the court show that the judgment had been rendered and signed by the same deputy, who was not legally qualified to enter such judgment, and that the procedure under the law in such cases had not been complied with.
 

 A temporary restraining order was issued but upon trial of the rule nisi the same was recalled and discharged and the relator denied the relief prayed for, whereupon application was made here for a writ of certiorari. We granted the writ ordering the district judge to send up the record, to the end that the validity of the proceeding might be ascertained, and ruled him and the judgment creditor to show cause why the relief prayed for in the petition of the relator should not be granted.
 

 In response to the rule, both substantially set up that upon the trial of the case before the respondent district judge it was shown that defendant made no appearance before the judgment was rendered and signed; that the petition of the judgment creditor revealed no defect that would nullify the judgment thereunder; and that the deputy clerk of court, whose qualifications to enter the preliminary default and to ren- • der the judgment in this case was challenged, had been duly appointed and sworn as deputy clerk of court and, being in fact the only deputy clerk of court, was, in effect, the chief deputy clerk of court.
 

 The facts of the case as revealed by the record show that Z. Y. Stetson filed suit with the clerk of court under Act No. 223 of 1928, as amended by Act No. 222 of 1932, against the relator to recover the sum of $50, with interest from judicial demand, for the value of a cow alleged to have been killed by relator’s employees while cutting timber. The petition was sworn to by his attorney, stating that the said facts “* * * were acquired by him from said Z. Y. Stetson.” Personal service and citation was made upon relatof- on July 2, 1938. A preliminary judgment by default was entered on July 18, and confirmed on July 21 before Charles R. Brown, deputy clerk of court, and on the same day (July 21) was signed by George Magee, the clerk of court. Subsequently relator, on July 25,
 
 *151
 
 1938, filed exceptions of no cause and no right of action, and, on July 26, 1938, a motion for a new trial. The record further shows that a writ of fi. fa. was issued under the judgment by virtue of which the sheriff of Catahoula parish seized a large barge belonging to relator and had it advertised for sale on September 10, 1938, when relator instituted the proceedings to set aside the judgment and to enjoin the sale of his property thereunder, which relief was denied him by the respondent judge.
 

 The legislature, to carry into effect Section 37 of Article 7 of the Constitution of 1921, adopted its Act No. 223 of 1928 “* * * providing the method of procedure in District Courts in those cases in which said courts have concurrent jurisdiction with Justice of Peace Courts other than municipal Courts; by
 
 providing who may render judgment in such cases; by conferring other powers upon certain officers in order to make such procedure effective
 
 * * (Italics ours.) Section 11 and Section 12 of the act, as amended by Act No. 222 of 1932, read as follows:
 

 “Section 11. That the Clerk, in rendering judgments by confession, and in confirmation of defaults before him, shall make a note of all documents offered in evidence, and shall reduce, or cause to be reduced, to writing the oral evidence offered ; and he shall preserve the same in each .case, separately, together with all other documents belonging to the case.
 

 “Section 12. That all of the powers conferred by this Act on the Clerks of Courts may be exercised by their chief deputies.”
 

 According to the facts as shown by the record, the deputy clerk of court in rendering judgment by confirmation of default against relator, failed to follow the mandatory procedure under the provisions of the foregoing sections, in order to make the same effective, in that he did not make a written note of the evidence offe'red or cause the same to be done, if any was introduced.
 

 We therefore conclude that the judgment was improvidently granted and is without effect.
 

 For the reasons assigned, the rule herein issued is made absolute, the writs of certiorari and prohibition are perpetuated, and it is now ordered, adjudged, and decreed that the judgment rendered in favor of Z. Y. Stetson and against A. M. Webber, for the sum of $50, with legal interest from judicial demand and all costs, signed by George Magee, Clerk of Court, dated July 21, 1938, is hereby annulled; the seizure made thereunder is set aside, and the sheriff and seizing creditor are enjoined from proceeding further with the 'sale of the property seized. All costs to be paid by the respondent Z. Y. Stetson.
 

 ROGERS, J., dissents.